UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN URGENT CARE &
PRIMARY CARE PHYSICIANS, P.C.,

      Plaintiff,


  -vs-                            2:16-cv-11463-MAG-SDD

NOVARTIS PHARMACEUTICALS
CORPORATION, ALCON
LABORATORIES, INC., and
JOHN DOES 1-10,

      Defendants.

## AMENDED COMPLAINT  – CLASS ACTION

1.      Plaintiff, Michigan Urgent Care & Primary Care Physicians, P.C., brings this action to secure redress for the actions of Defendant Alcon Laboratories, Inc. ("Alcon"), in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Michigan Urgent Care & Primary Care Physicians, P.C. ("Michigan Urgent"), is a professional corporation with offices at 37595 7 Mile Road, Livonia, Michigan 48152, where it maintains telephone facsimile equipment.

4.      Defendant Novartis Pharmaceuticals Corporation ("Novartis") is a Delaware corporation with a principal place of business in New Jersey. Its principal offices are 59 State Route 10 E. Hanover, New Jersey, 07936. Its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.  It is a subsidiary of Novartis AG, a Swiss corporate entity.

5.      Defendant Alcon Laboratories, Inc.  is a Delaware corporation  with principal place of business in Texas. Its principal offices are 6201 South Freeway, Fort Worth, Texas, 76134. Its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.  It is a subsidiary of Novartis.

6.      Defendant Novartis Pharmaceuticals Corporation holds Defendant Alcon Laboratories, Inc., out as a "division" notwithstanding its nominal incorporation. (Exhibit A)

7.      The SEC filings of Novartis AG also refer to its "Alcon Division".   Annual report of Novartis AG on SEC Form 20-F, filed January 27, 2016, original page 8, retrievable at http://www.sec.gov/Archives/edgar/data/1114448/000104746916009872/a2227040z20-f.htm. The same filing, at original page 80, states: "Our Alcon Division is a leader in the research, development, manufacturing and marketing of eye care products worldwide, and its products are available in more than 180 markets. In 2015, the Alcon Division had consolidated net sales of $9.8 billion representing 20% of total Group net sales."

8.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

10.      Personal jurisdiction is proper because Defendants have committed tortious acts in this District by causing the transmission of unlawful communications into the District.

11.      Venue in this District is proper for the same reason.

## FACTS

12.      Some time in September 2015, Michigan Urgent received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

13.      Discovery may reveal the transmission of additional faxes as well.

14.      The fax states at the top that it is "From: Alcon."

15.      The fax refers to "Alcon, a Novartis company."  (Page 1, bottom)

16.      The fax bears the copyright mark of Novartis, signifying that it was drafted by Novartis or that the text is the property of Novartis.  (Pages 1 and 4, bottom)

17.      The fax announces the commercial availability of a product called Pazeo solution.

18.      The prescribing information for the product (the third and fourth pages of Exhibit B) states that Pazeo is a trademark of Novartis.

19.      The announcement of FDA approval of the Pazeo product (Exhibit C) was made by Novartis, and stated that "Alcon, the global leader in eye care and a division of Novartis, has

3

received approval from the US Food and Drug Administration (FDA) of Pazeo(TM) . . . ." The

announcement directed inquiries to Novartis Media Relations.

20.      Management of Alcon is selected and directed by Novartis, reports to Novartis and

Novartis AG, and overlaps with the management of Novartis and Novartis AG.  For example, the

20-F cited above states (original page 32) that "we announced leadership changes effective

February 1, 2016. Mike Ball [F. Michael Ball] has been appointed Division Head and CEO Alcon,

and will be a member of the Executive Committee of Novartis (ECN)."  In addition, the board of

directors of Alcon includes Harry Kirsh, whose address is that of Novartis AG in Switzerland, and

Christi Shaw, president and a director of Novartis, is a director of Alcon.

21.      Novartis also takes responsibility for products and developments of Alcon.  The 20-F

(original page 28) states "Novartis announces that its Alcon Division has entered into an

agreement with a division of Google Inc., to in-license its 'smart lens' technology for all ocular

medical uses."

22.      The same 20-F states (original page 81) that "Our Alcon Division's Ophthalmic

Pharmaceuticals franchise develops and markets a broad range of pharmaceuticals to treat chronic

and acute conditions of the eye including glaucoma, elevated intraocular pressure (associated with

glaucoma), eye infection and inflammation, eye allergies, dry eye and retinal diseases. . . . Product

highlights within the Ophthalmic Pharmaceuticals portfolio include . . . Pazeo and Pataday

ophthalmic solutions for ocular itching associated with allergic conjunctivitis . . . . "

23.      Based on the foregoing, plaintiff alleges, on information and belief, that:

        a.      Both Alcon and Novartis are responsible for sending or causing the sending of the

                fax,

4

      b.      Alcon acts as agent of Novartis with respect to the sale and promotion of Pazeo, including the sending of the fax,

      c.      Revenue from the sale of Pazeo is part of the revenue of Novartis, and

      d.      The fax at issue was intended to create revenue for and confer economic benefit on both Alcon and Novartis.

24.      Defendants either negligently or wilfully violated the rights of Plaintiff and other recipients in  sending the fax.

25.      Plaintiff had no prior relationship with Alcon and had not authorized the sending of fax advertisements to Plaintiff.

26.      The  fax does not contain an "opt out" notice in the form required by 47 U.S.C. §  227.

27.      On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

28.      On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Michigan.

29.      There is no reasonable means for Plaintiff or other recipients of defendants' unsolicited advertising fax to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.  This is particularly essential in the case of medical practices and facilities, such as Plaintiff's, which have faxes to send and receive urgent patient and prescription information.

<u>COUNT I – TCPA</u>

30.      Plaintiff incorporates ¶¶ 1-29.

31.      The TCPA makes unlawful the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C.

§227(b)(1)(C).

32.    The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

33.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited

faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, Plaintiff's

statutory right of privacy was invaded.

34.    Plaintiff and each class member is entitled to statutory damages.

35.    Defendants violated the TCPA even if their actions were only negligent.

36.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

37.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class,

consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action

(28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendants promoting their goods or

6

services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

38.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

39.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.    The manner in which defendants compiled or obtained its list of fax numbers;

    c.    Whether defendants thereby violated the TCPA.

40.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

42.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

43.    Several courts have certified class actions under the TCPA. *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540 (6th Cir. 2014); *In re Sandusky Wellness Center*, 570 Fed.Appx. 437 (6th Cir. 2014);  *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist.

LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013);

*Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27,

2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin

Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v.

Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill.,

Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v.

Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.);

*G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill.

Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South,

Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South,

Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin

v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists

Theatre Circuit, Inc.,* 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v.

Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*,

293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577

(Mo. App. 2010).

44.    Management of this class action is likely to present significantly fewer difficulties that

those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the class and against Defendants for:

a.    Statutory damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

8

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     /s/ Adam G. Taub
        Adam G. Taub (P48703)
        17200 W 10 Mile Rd Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:  adamgtaub@clgplc.net



        /s/ Daniel A. Edelman
        Daniel A. Edelman
        Cathleen M. Combs
        EDELMAN, COMBS, LATTURNER
            & GOODWIN, LLC
        20 S. Clark Street, Suite 1500
        Chicago, Illinois  60603
        (312) 739-4200
        (312) 419-0379 (FAX)
        Email: dedelman@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)